**Gordon & Rees LLP**
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* JOSEPH ABEYTA, <br><br> Plaintiff, <br><br> vs. <br><br> NATIONWIDE MEDICAL, INC., a California corporation, <br><br> Defendant. | CASE NO. 13-cv-09143-RSWL (JEMx) <br><br> **[PROPOSED] ORDER APPROVING JOINT STIPULATION AND PROTECTIVE ORDER** |

Plaintiff JOSEPH ABEYTA ("Plaintiff") and Defendant NATIONWIDE MEDICAL, INC. ("Nationwide" or "Defendant") have submitted a joint Stipulated Protective Order and Confidentiality Agreement for the Court's approval. The Stipulation provides as follows:

## STIPULATED PROTECTIVE ORDER AND CONFIDENTIALITY AGREEMENT

The following terms and conditions shall govern the production of confidential documents and information in the above-captioned action (hereinafter the "Action").

1. This Stipulation shall apply to documents, and to information contained therein, which one of the above-named parties (collectively, the

"Parties," and each of them a "Party") designates as "Confidential Material" in the manner described below.

2. Parties may designate documents as confidential if the document contains trade secrets or information that is commercially sensitive, private, or personal. Such designations are limited to documents and information that the designating Party believes in good faith to be confidential. Confidentiality designations should to the extent feasible not obscure the underlying text and should be located on the bottom of the page if possible. Designation of a document as confidential shall not restrict the use outside of this Action of similar or identical documents or information contained therein, if the documents or information was obtained or received from sources other than the designating Party's production in this Action.

3. To the extent that matter stored or recorded in the form of electronic or magnetic media (including information, databases, or programs stored on computers, discs, networks, tapes, personal digital assistants, etc.) (collectively, "Electronic Material") is produced by a Party in such form, that Party may designate such matter as Confidential Material by cover letter referring generally to such matter. If reasonably feasible, however, the designating Party shall include in the Electronic Material the legend provided for in paragraph 4.

4. "Confidential Material" may be so designated by a Party (the "Designating Party") by marking "Confidential" or "Confidential Information" on the face of the document(s) and on each page(s) containing confidential information.

5. Except by agreement of the Parties or as provided herein or required by law, Confidential Material may be disclosed only to the following persons:

    a. The Parties;

    b. Counsel for any Party, and their associates, paralegal, clerical, or service support staff;

    c.    Experts or consultants (including their employees and/or support staff) retained or consulted by any Party to this Action;

    d.    Mediators retained by the Parties to the Action;

    e.    The Court and its staff;

    f.    Trial witnesses;

    g.    Persons who a Party in good faith anticipates may be witnesses;

    h.    Persons who a Party in good faith believes already have knowledge of the Confidential Material (other than by disclosure pursuant to this Stipulation), including any persons who, on the face of the Confidential Material are indicated to be authors, addressees, or recipients of copies of the Confidential Material;

    i.    Stenographers, court reporters, copy services, employees of document or date management firms, and similar personnel rendering transcription, copying, recording, audiovisual, or document or data management services in connection with this Action;

Confidential Material shall not be disclosed to any person referred to in subparagraphs 5 (c), (f) and (g) unless and until such person has read and agreed to be bound by the terms and conditions of this Stipulation.

6.    If any Party to the Action disputes the designation of any document as Confidential Material (the "Challenging Party"), or otherwise seeks a removal or alteration of the protections of this Stipulation for any reason, the Challenging Party shall initiate the dispute resolution process by providing written notice of the designations it is challenging and describing the basis for the challenge. The Parties shall attempt to resolve each challenge in good faith and must begin the process by conferring within 14 days of the date of service of notice. If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality within 21 days of the parties

-3-
[PROPOSED] ORDER APPROVING STIPULATED AND PROTECTIVE ORDER

agreeing that the meet and confer process will not resolve their dispute. Failure by the Designating Party to make such a motion within 21 days shall automatically waive the confidentiality designation for each challenged designation. Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question protection as Confidential Material until the court rules on the challenge.

7. In addition to the relief provided by paragraph 6, the Parties do not waive, and expressly retain, the rights to seek from the Court relief from any provisions of this Stipulation or additional or different provisions or exceptions with respect to particular documents or information.

8. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Confidential Material. A Party that seeks to file under seal any Confidential Material must comply with Civil Local Rule 79-5. If a Party's request to file Confidential Material under seal is denied by the court, then the Party may file the information in the public record unless otherwise instructed by the court.

9. Nothing in this Stipulation shall prevent any Party from using or disclosing the Party's own documents or information.

10. Nothing in this Stipulation shall operate to require the production of information or documents that are subject to a good faith assertion of attorney-client privilege, work product immunity, or other applicable privilege or immunity from disclosure.

11. A person's compliance with the terms of this Stipulation shall not operate as an admission that any particular document is or is not (i) confidential, (ii) privileged, or (iii) admissible in evidence at trial.

12. This Stipulation shall survive the termination of this Action and shall

-4-
[PROPOSED] ORDER APPROVING STIPULATED AND PROTECTIVE ORDER

continue in full force and effect thereafter.  Upon written request, documents designated as Confidential Material shall be returned to the appropriate Party or destroyed within ninety (90) days after the termination of the Action.  Upon written request, the Party who received Confidential Material in this Action shall provide the designating Party with a declaration certifying that all documents required to be returned or destroyed pursuant to the provisions of this paragraph have been returned or destroyed.  "Termination of this Action" will occur upon the rendering of a non-appealable, final order or decision by the Court.  If the Parties hereto resolve this case by settlement or compromise and no award is ever rendered, then "Termination of this Action" shall occur on the date that the Action is dismissed by the filing of a written dismissal.

13. Any person in possession of Confidential Material who (i) receives a subpoena (or other process) from any person (including natural persons, corporations, partnerships, firms, governmental agencies, departments or bodies, boards, or associations) who is not a Party to this Stipulation seeking production or other disclosure of such Confidential Material or (ii) receives a request by a governmental agency, regulatory agency, or a court seeking production or other disclosure of such Confidential Material, shall promptly give notice by email and/or facsimile to counsel for the Parties, enclosing a copy of the subpoena or other process or request where possible at least ten (10) business days before production or other disclosure, unless such Party is prohibited from disclosing the request seeking the materials, by lawful order of a governmental entity or otherwise by law, which prohibits such disclosure or delay.  In no event shall production or other disclosure be made before the latest of (i) the date on which notice is given; or (ii) the return date of the subpoena or request.  Nothing in this paragraph shall be deemed to require a recipient of confidential information to resist production, but no voluntary surrender may be made without compliance with the notice requirement, which is intended to permit the Parties to assert any

-5-
[PROPOSED] ORDER APPROVING STIPULATED AND PROTECTIVE ORDER

rights against production which they would have had had the documents remained exclusively in the possession or control of the Parties under this Stipulation. If production is required by lawful process prior to providing the above required notice, the producing Party shall nonetheless provide written notice of such production, unless lawfully forbidden by the person to whom the documents are provided.

14. This Stipulation shall not app ly to the use of Confidential Material at the trial in the Action, unless otherwise ordered by the Court.

## ORDER

The Court, having reviewed the Stipulated Protective Order and Confidentiality Agreement between Plaintiff and Defendant requesting the entry of the Stipulation, hereby approves of the Stipulation.

FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

Dated: March 30, 2017

_____
JOHN E. MCDERMOTT
UNITED STATES MAGISTRATE JUDGE

-6-
[PROPOSED] ORDER APPROVING STIPULATED AND PROTECTIVE ORDER